1 MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
2 SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
3 **AKERMAN LLP**
1635 Village Center Circle, Suite 200
4 Las Vegas, NV 89134
Telephone: (702) 634-5000
5 Facsimile: (702) 380-8572
Email: melanie.morgan@akerman.com
6 Email: scott.lachman@akerman.com

7 *Attorneys for Bank of America, N.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RH KIDS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL DEFAULT SERVICING CORPORATION, an Arizona corporation; BANK OF AMERICA, N.A., a national banking association; DOES I through X; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-2135<br><br>**PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441 and 1446** |

Defendant Bank of America, N.A. (**BANA**) files this notice of removal under 28 U.S.C. §§ 1331, 1441, and 1446, and pleads as follows:

**I.    THE STATE COURT ACTION**

On December 6, 2022, Plaintiff RH Kids, LLC filed a complaint in the case styled *RH Kids, LLC v. National Default Servicing Corp.*, Case No: A-22-862184-C in the District Court of Clark County, Nevada. **Exhibit 1** (complaint). Upon information and belief, BANA was served on December 16, 2022. Accordingly, this notice of removal is timely because it has been filed within thirty (30) days of BANA's receipt of the initial pleading, as required by 28 U.S.C. § 1446(b).

{67921083;2}

## II. GROUNDS FOR REMOVAL

This is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. § 1331. This action may be removed pursuant to 28 U.S.C. § 1441, because the action presents a federal question.

Plaintiff seeks by this action to enjoin a foreclosure that BANA initiated to enforce a deed of trust owned by Fannie Mae, which has at all relevant times operated under the conservatorship of the Federal Housing Finance Agency. Though Plaintiff's claims nominally arise under Nevada law, they present embedded federal questions sufficient to support this Court's subject matter jurisdiction under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315-16 (2005). That is, it necessarily raises specific federal issues that are actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. More specifically, Plaintiff's claims under Nevada state law implicate three provisions of Housing and Economic Recovery Act (**HERA**)—12 U.S.C. §§ 4617(f), 4617(j)(3), and 4617(a)(7)—which preempt any Nevada law that would operate to enjoin a foreclosure sale or extinguish Fannie Mae's interest in the Property, without FHFA's consent, while Fannie Mae is under FHFA conservatorship.

*First*, § 4617(f) provides that "no court may take any action to restrain or affect the exercise of powers or functions of [FHFA] as a conservator or receiver." 12 U.S.C. § 4617(f). It "bars 'any' judicial interference with the 'exercise of *powers or functions* of [FHFA] *as a conservator or a receiver*." *Roberts v. Fed. Hous. Fin. Agency*, 889 F.3d 397, 402 (7th Cir. 2018) (quoting 12 U.S.C. § 4617(f)) (emphasis in original). Here, granting the injunctive relief Plaintiff seeks or allowing Plaintiff's claims to go forward would "restrain or affect the exercise of the powers or functions of [FHFA] as a conservator." 12 U.S.C. § 4617(f). Specifically, it would have the effect of negating FHFA's statutory powers to "collect all obligations and money due" the Enterprises, and to "preserve and conserve [their] assets and property." *See id.* at § 4617(b)(2)(B)(ii), (iv). Indeed, § 4617(f) specifically bars a court's ability to enjoin a foreclosure sale. *See Freeman v. FDIC*, 56 F.3d 1394, 1399 (D.C. Cir. 1995) (holding that § 1821(j), the materially identical FDIC statute, "deprives the court of power to grant" "a declaratory judgment that would effectively 'restrain' the FDIC from

foreclosing on [the property at issue]"); *see also Sunshine Dev., Inc. v. F.D.I.C.*, 33 F.3d 106, 112 (1st Cir. 1994); *Sweeney v. Resol. Tr. Corp.*, 16 F.3d 1, 6 (1st Cir. 1994); *Tillman v. Resol. Tr. Corp.*, 37 F.3d 1032, 1036 (4th Cir. 1994).

*Second*, § 4617(j)(3) provides that "No property of [an FHFA conservatorship] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [Conservator][.]" 12 U.S.C. § 4617(j)(3). The property protected by Section 4617(j)(3) includes "lien interests[.]" *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1155 (D. Nev. 2015) (collecting cases). The relief Plaintiff seeks here—an order extinguishing the Deed of Trust—would forever take away property from the Conservator without its affirmative consent. Such extinguishment would be the functional equivalent of an order of attachment, garnishment, foreclosure, or sale—all of which embody legal mechanisms to impair or extinguish property interests, and all of which the statute prohibits. *See, e.g., Trembling Prairie Land Co. v. Verspoor*, 145 F.3d 686, 691 (5th Cir. 1998) (holding the conservator or receiver "must consent to any deprivation of property"); *S/N-1 REO Liab. Co. v. City of Fall River*, 81 F. Supp. 2d 142, 150 (D. Mass. 1999) (similar).

*Third*, § 4617(a)(7) provides that "[w]hen acting as conservator or receiver, the Agency *shall not be subject to the direction or supervision of . . . any State* in the exercise of the rights, powers, and privileges of the Agency." 12 U.S.C. § 4617(a)(7) (emphasis added). But here, Plaintiff seeks to extinguish Fannie Mae's lien interest through the operation of state law.

Because Plaintiff's affirmative case necessarily turns on substantial, embedded, federal questions regarding the application of these three HERA provisions, Plaintiff's nominally state-law claims are necessarily federal in character and Plaintiff's right to relief depends upon the resolution of substantial, disputed questions of federal law. Moreover, this Court would not disturb any congressionally approved balance of state and federal judicial responsibilities by entertaining Plaintiff's Nevada state law claims, as HERA expresses a clear intention to supersede and preempt state control. *See, e.g., Berezovsky v. Moniz*, 869 F.3d 923, 930-31 (9th Cir. 2017); *Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 958 (9th Cir. 2021).[1]

---

[1] Defendant National Default Servicing Corporation (**NDSC**) is a nominal defendant who was not property joined since it has no interest in the property; it is merely a foreclosure trustee who takes

3

{67921083;2}

### III. SUPPLEMENTAL JURISDICTION

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims arising under the laws of the Nevada, because those claims are related to Plaintiff's claims that present a federal question, form part of the same case or controversy, and are derived from a common nucleus of operative facts.

### IV. VENUE IS PROPER IN THIS COURT

Venue on removal is proper in this court, pursuant to 28 U.S.C. § 1441(a), because the United States District Court for the District of Nevada (Las Vegas) embraces the Eighth Judicial District Court of Nevada, where the action was first filed. BANA, however, reserves the right to file a motion to transfer this case to another venue pursuant to 28 U.S.C. § 1404(a), and does not waive its right to do so.

### V. LIST OF ATTACHED DOCUMENTS

Pursuant to 28 U.S.C. § 1446(a), BANA attaches hereto copies of all documents issued in the action as Exhibit 1.

### VI. SERVICE OF NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), contemporaneously with the filing of this notice of removal, BANA is filing a notice to the Eighth Judicial District Court for the State of Nevada regarding this petition for removal. Such notice of filing satisfies the requirements of 28 U.S.C. § 1446(d).

. . .

---

direction from the deed of trust beneficiary, BANA. *See Samson v. SPS, Inc.*, No. 20-cv-07714-VC, 2021 WL 936178, at *1 (N.D. Cal. March 9, 2021) (finding the trustee is a nominal defendant that need not consent to remove). A nominal party is one "who has no interest in the action" and is merely joined to "perform a ministerial act" as NDSC is doing here. *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000). Its consent to removal is unnecessary. *See McCann v. Quality Loan Service Corp.*, No. 3:19-cv-00573-RCJ-WGC, 2020 WL 3883648, at *2 (D. Nev. July 8, 2020) ("there are two relevant categories of defendants for which consent is not required: those not properly joined and served in the action . . . and nominal defendants" (internal quotations and citations omitted)). If consent is necessary, then BANA requests this court allow the procedural defect to be cured through a notice of consent by NDSC. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011) ("[A] procedural defect existing at the time of removal but cured prior to the entry of judgment does not warrant reversal and remand of the matter to state court."); *see Bouchard v. National Cas. Co.*, No. 2:20-cv-01084-KJD-BNW, 2020 WL 5874315, at *2 (D. Nev. Oct. 2, 2020) (applying *Destfino*); *Kal-Mar-USA, LLC v. Omni Financial*, No. 2:17-cv-02280-RFB-CWH, 2018 WL 3242682, at *2-3 (D. Nev. July 3, 2018) (same).

{67921083;2}

**VII. FORECLOSURE SALE**

The deed of trust foreclosure sale is scheduled on January 4, 2023 at 9:00 a.m. BANA intends to voluntarily defer this foreclosure sale. To the extent Plaintiff seeks injunctive relief to enjoin the sale, BANA will oppose such a motion based on applicable law, including the HERA provisions discussed above (12 U.S.C. §§ 4617(f), 4617(j)(3), and 4617(a)(7)).

WHEREFORE, BANA removes this matter to this Court.

DATED this 22nd day of December, 2022.

**AKERMAN LLP**

 */s/ Scott R. Lachman*
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134

*Attorneys for Bank of America, N.A.*

{67921083;2}

**INDEX OF EXHIBITS TO PETITION FOR REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441 and 1446**

Exhibit 1   All documents filed in state court

6

{67921083;2}