UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RH KIDS, LLC, | Case No. 2:22-CV-2135 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| NATIONAL DEFAULT SERVICING CORPORATION, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff RH Kids LLC's motion to remand. (ECF No. 9). Defendant Bank of North America, N.A. filed a response (ECF No. 13), to which defendant replied (ECF No. 17).

Also before the court is defendant's emergency motion to expunge lis pendens (ECF No. 12). Plaintiff filed a response (ECF No. 16), to which defendant replied (ECF No. 18).

**I.  Background**

This matter arises from a dispute regarding the scheduled foreclosure sale of real property located at 8151 Rock Meadows Drive in Las Vegas, Nevada (the "property"). (ECF No. 12). In 2007, a deed of trust was recorded against the property. (ECF No. 12). In February 2012, that deed of trust was assigned to defendant. (*Id.*).

Defendant is a servicer of loans for the Federal National Mortgage Association ("Fannie Mae"). Fannie Mae, which is itself managed by the Federal Housing Finance Agency ("FHFA") has owned the loan secured by the deed of trust since its recordation in 2007. (ECF Nos. 12-7; 12-8).

**James C. Mahan**
**U.S. District Judge**

1	Prior to that 2012 assignment to defendant, in March 2009, defendant's predecessor-in-interest recorded a notice of default on the deed of trust, followed by a notice of sale in July 2009. (ECF Nos. 12-18; 12-19). It later recorded a rescission of that notice of default on March 30, 2011. (ECF No. 12-20).

In May 2012, the homeowners association ("HOA") governing the property recorded a notice of delinquent assessment lien, followed by notices of default and sale. (ECF No. 12-9). Plaintiff's predecessor-in-interest purchased the property at the noticed HOA foreclosure sale, and a series of deeds put it in plaintiff's possession. *See* (ECF Nos. 12-10; 12-11).

In 2016, plaintiff sued defendant in one of the countless lawsuits regarding the Nevada HOA superpriority lien statute alleging that the HOA foreclosure extinguished defendant's deed of trust. *See* (ECF No. 12-14). A Nevada state court held in June 2020 that the deed of trust was not extinguished by the HOA sale, and the property was subject to defendant's deed of trust. *See* (ECF no. 12-7). The Nevada Court of Appeals affirmed. *See* (ECF No. 12-8).

Following that litigation, plaintiff sent a letter purporting to request information on the deed of trust pursuant to NRS 107.200 *et seq* to a Plano, Texas address allegedly belonging to defendant. (ECF No. 1-1 at 61–63). The assignment of the deed of trust lists defendant's address as 13150 World Gate Drive, Herndon, Virginia 20170. *Compare* (*id.*) (the letter) *with* (ECF No. 12-5) (the assignment of the deed of trust).

On August 9, 2022, defendant caused a second notice of default to be recorded, and a later notice of sale schedule a foreclosure sale for January 4, 2023. *See* (ECF Nos. 12-6; 12-22). Defendant thereafter postponed the sale to February 10, 2023.

On December 6, 2022, plaintiff brought this suit in Nevada state court asserting claims against defendant for 1) quiet title, 2) declaratory judgment, 3) injunctive relief, and 4) wrongful foreclosure. (ECF No. 1-1). It also recorded a lis pendens against the property. *See (id.)*. Defendant then timely removed this matter to this court. (ECF No. 1). Plaintiff now moves to remand the case to state court. (ECF No. 9). Defendant, on the other hand, has moved on an emergency basis to expunge the lis pendens prior to the scheduled February 10 sale. (ECF No.

**James C. Mahan**
**U.S. District Judge**

- 2 -

12). Following a minute order setting an expedited briefing schedule (ECF No. 15), this court now considers both motions.

**II.    Legal Standard**

    A.  <u>Motion to Remand</u>

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day

**James C. Mahan**
**U.S. District Judge**

1  clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

B. Motion to Expunge

"The doctrine of lis pendens provides constructive notice to the world that a dispute involving real property is ongoing." *Weddell v. H2O, Inc.*, 271 P.3d 743, 751 (Nev. 2012) (citing Nev. Rev. Stat. § 14.010(3)). "[L]is pendens are not appropriate instruments for use in promoting recoveries in actions for personal or money judgments; rather, their office is to prevent the transfer or loss of real property which is the subject of dispute in the action that provides the basis for the lis pendens." *Levinson v. District Court*, 857 P.2d 18, 20 (Nev. 1993).

To survive a motion to expunge a lis pendens attached to real property, the party who recorded the lis pendens must establish five elements to the court's satisfaction: (1) the action affects the title or possession of the real property described in the notice; (2) the action was not brought in bad faith or for an improper motive; (3) ability to perform any conditions precedent to the relief sought in the action affecting title or possession of the real property; (4) injury by the transfer of an interest in the property before the action's conclusion; and (5) either (a) likelihood of prevailing in the action, or (b) a fair chance of success on the merits in the action and a hardship arising from the transfer of property that is greater than the hardship suffered by defendant resulting from the notice of pendency. Nev. Rev. Stat. § 14.015(1)–(3); *see, e.g.*, *Bank of Am., N.A. v. Bailey*, No. 2:14–cv–885 JCM GWF, 2015 WL 4073783, at *2 (D. Nev. July 6, 2015).

. . .

James C. Mahan
U.S. District Judge

- 4 -

### III. Discussion

#### A. Motion to Remand

Plaintiff moves to remand this case, arguing that the parties are not diverse and that there is no federal question jurisdiction because the federal issues arise only as defenses to plaintiff's claims. *See* (ECF No. 9). Defendant does not address the parties' diversity, but argues that the claims implicate necessarily substantial federal issues such that this court has federal question jurisdiction under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 315-16 (2005).

Defendant bears the burden of proving that plaintiffs' complaint contains a cause of action within this court's jurisdiction. *Hunter* 582 F.3d at 1042. The "well-pleaded complaint rule" provides that district courts can exercise jurisdiction under 28 U.S.C. § 1331 only when a federal question appears on the face of a complaint. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id*. Moreover, "an anticipated or actual federal defense generally does not qualify a case for removal[.]" *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999).

However, the well-pleaded complaint rule does not require a plaintiff to assert a federal cause of action. District courts also have jurisdiction over state law claims that raise "some substantial, disputed question of federal law[.]" *Indep. Living Ctr. of Southern California, Inc. v. Kent*, 909 F.3d 272, 279 (9th Cir. 2018). Indeed, federal question jurisdiction exists when a federal issue is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

The claims in this case necessarily raise the type of embedded federal issue contemplated by *Gunn* and *Grable*. Fundamentally, this suit asks who has title to the property: plaintiff because the deed of trust has extinguished, or defendant—the servicer of the FHFA asset—because the deed remains. To answer that question, this court must grapple with federal law regarding the FHFA's rights over the assets it controls. *See* 12 U.S.C. §§ 4617(f), 4617(j)(3), and 4617(a)(7).

In September 2008, FHFA placed Fannie Mae into a conservatorship "for the purpose of reorganizing, rehabilitating, or winding up [its] affairs." 12 U.S.C. § 4617(a)(2). As conservator, FHFA immediately succeeded to "all rights, titles, powers, and privileges" of Fannie Mae. 12 U.S.C. § 4617(b)(2)(A)(i). Moreover, Congress granted FHFA exemptions to carry out its statutory functions—specifically, in acting as conservator, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]." 12 U.S.C. § 4617(j)(3).

In *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015), the court addressed the applicability of 12 U.S.C. § 4617(j)(3) and held that the plain language of § 4617(j)(3) prohibits property of FHFA from being subjected to a foreclosure without its consent. *See also Saticoy Bay, LLC v. Fannie Mae*, No. 2:14-CV-01975-KJD-NJK, 2015 WL 5709484 (D. Nev. Sept. 29, 2015) (holding that 12 U.S.C. § 4617(j)(3) preempts NRS 116.3116 to the extent that a HOA's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae while those entities are under FHFA's conservatorship).

Since *Skylights*, this court has consistently held that 12 U.S.C. § 4617(j)(3) prohibits property of FHFA from foreclosure absent agency consent. *See, e.g., 1597 Ashfield Valley Trust v. Fed. Nat. Mortg. Ass'n System*, No. 2:14-cv-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015). The Ninth Circuit also held that this "federal foreclosure bar" applies to private foreclosure sales and "supersedes the Nevada superpriority lien provision." *See Berezovsky v. Moniz*, 869 F.3d 923, 929, 931 (9th Cir. 2017).

It is true that plaintiff does not explicitly seek a foreclosure in this case. In fact, defendant, acting as the FHFA servicer, seeks to foreclose. However, the effect of plaintiff's quiet title claim is materially the same. If successful, it would deprive the FHFA of its interest by extinguishing of the deed of trust. Thus, for any court to find in favor of plaintiff in this quiet title action, it must necessarily address whether the federal foreclosure bar applies and how it relates to Nevada's ancient lien statute.

**James C. Mahan**
**U.S. District Judge**

This district has found jurisdiction in a similar case, except for the fact that Fannie Mae, rather than its servicer, opposed the remand. *See Hollyvale Rental Holdings, LLC v. Baum,* No. 2:16-cv-02888-RFB-PAL, 2018 WL 1608411, at *4–5 (D. Nev. Mar. 31, 2018). Based on precedent indicating that a loan servicer maintains the same rights as Fannie Mae and the FHFA, this court finds that distinction immaterial. *See Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave.*, 996 F.3d 950, 955 (9th Cir. 2021).

As described above, this case necessarily implicates a federal issue—the foreclosure bar. Similarly, that issue is contested and substantial, as an ultimate decision on the quiet title claim "really and substantially involves a dispute or controversy respecting the validity, construction, or effect of" the federal foreclosure regulation statutes. *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912). Given that Congress has explicitly drafted the relevant statutory provisions to subsume regulation of foreclosure related to Fannie Mae properties, exercise of jurisdiction does not upset the federal state balance, and resolution of the issue is substantially important to the federal system. *See Berezovsky*, 869 F.3d at 931.

Courts often use quiet title actions as the archetypal example of this sort of embedded federal question jurisdiction. *See Shulthis*, 225 U.S. at 569; *Grable*, 545 U.S. at 315; *Northern Pacific R. Co. v. Soderberg*, 188 U.S. 526, 528, (1903); *Wilson Cypress Co. v. Del Pozo Y Marcos*, 236 U.S. 635, 643–644, (1915). This court sees nothing in the facts of this case requiring it to depart from the precedent before it.

Defendant has sufficiently proven jurisdiction. Despite the fact that there is no federal cause of action in the complaint, the claims at issue necessarily present an embedded federal question: Does the federal foreclosure bar prevent Nevada law from extinguishing the deed of trust? Thus, under *Grable*, *Gunn*, and similar cases, exercise of jurisdiction over this suit is proper, and plaintiff's motion to remand is DENIED.[1]

---

[1] Because the court denies the motion to remand, it will also DENY plaintiff's request for attorney fees (ECF No. 10) as to the same.

**James C. Mahan**
**U.S. District Judge**

- 7 -

B. Motion to Expunge Lis Pendens

Having determined that it has jurisdiction over the claims, this court now must address defendant's motion to expunge the lis pendens on the property. Plaintiff recorded a lis pendens related to instant litigation on December 6, 2022. *See* (ECF No. 1-1). Because plaintiff cannot prove even a "fair chance of success on the merits," there is no basis for the lis pendens and the court GRANTS defendant's motion. *See* Nev. Rev. Stat. § 14.015(3).

Even assuming that the federal foreclosure bar does not apply to this case, plaintiff's state law claims fail. While this case will ultimately require the court to determine if the federal foreclosure bar applies, the court need not do so at this procedural posture. To justify the lis pendens, plaintiff must show at least a "fair chance of success on the merits." As courts applying Nevada law have determined more than fifty times, plaintiff's argument under NRS 160.240 fails as a matter of law.[2] Further, regardless of the eventual merits of the claim, a NRS 107.200 claim is insufficient to support a lis pendens, nor are plaintiff's other claims. Thus, even assuming plaintiff's argument that the federal foreclosure bar is not applicable to this case is ultimately successful, it fails to meet the burden necessary to justify a lis pendens.

---

[2] *See, e.g.*, *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194 (Nev. 2022); *Glass v. Select Portfolio Serv., LP*, No. 78325, 2020 WL 3604042, at *1 (Nev. July 1, 2020); *SFR Invs. Pool 1, LLC v. NewRez LLC*, No. 2:22-cv-195-JCM-BNW, 2022 WL 17061225 (D. Nev. Nov. 17, 2022); *Paradise Harbor Place Tr. v. Bank of Am.*, No. 2:22-cv-313-JCM-EJY, 2022 WL 16752029 (D. Nev. Nov. 7, 2022); *SFR Invs. Pool 1, LLC v. NewRez LLC*, No. 2:22-cv-00192-JAD-BNW, 2022 WL 16721562 (D. Nev. Nov. 4, 2022); *Collegium Fund LLC Series 24 v. Nationstar Mortg. LLC*, No. 2:22-cv-321-JCM-DJA, 2022 WL 16575646 (D. Nev. Oct. 31, 2022); *Las Vegas Rental & Repair Series 63 v. Nationstar Mortg. LLC*, No. 2:22-cv-413-JCM-EJY, 2022 WL 16575648 (D. Nev. Oct. 31, 2022); *Pine River Lane Tr. v. HSBC Bank USA N.A.*, No. 83703, 2022 WL 6853717 (D. Nev. Oct. 11, 2022); *LDG Golf, Inc. v. Bank of Am., N.A.*, No. 83056, 2022 WL 6838390 (Nev. Oct. 11, 2022); *Ferrell St. Tr v. U.S. Bank, N.A.*, No. 83981, 2022 WL 6862277 (Nev. Oct. 11, 2022); *SFR Invs. Pool 1, LLC v. Nationstar Mortg. LLC*, No. 2:22-cv-00531-APG-VCF, 2022 WL 4237993 (D. Nev. Sept. 13, 2022); *SFR Invs. Pool 1, LLC v. NewRez LLC*, No. 2:22-cv-00626-GMN-EJY, 2022 WL 2788411 (D. Nev. July 15, 2022); *RH Kids, LLC v. NDSC*, No. 2:22-cv-00954-APG-NJK, 2022 WL 2316850 (D. Nev. June 28, 2022); *SFR Invs. Pool 1, LLC v. Nationstar Mortg. LLC*, No. 2:22-cv-00373-APG-NJK, 2022 WL 2068203 (D. Nev. June 8, 2022); *Saticoy Bay Series 6213 Brick Oven St. v. U.S. Bank N.A.*, No. 2:21-cv-2214-JCM-EJY, 2022 WL 1217190 (D. Nev. April 25, 2022); *Saticoy Bay Series 3338 Flying Colt v. Nationstar Mortg. LLC*, No. 2:22-cv-00228-APG-EJY, 2022 WL 1184884 (D. Nev. April 21, 2022); *SFR Invs. Pool 1, LLC v. Fannie Mae*, No. 2:22-cv-00614-JAD-VCF, 2022 WL 1157477 (D. Nev. April 19, 2022); *Daisy Tr. v. Fannie Mae*, No. No. 21-15595, 2022 WL 874634 (9th Cir. March 24, 2022); *7321 Wandering St. Tr. v. New Residential Mortg. Loan Tr.*, No. 2:21-cv-01193-JAD-EJY, 2022 WL 717577 (D. Nev. March 10, 2022).

James C. Mahan
U.S. District Judge

1    Principally, plaintiff seems to claim that some piece of correspondence declaring the
2    then-homeowner in default (which is neither in this court's record, nor publicly recorded in any
3    fashion) accelerated the debt sometime in November 2011. (ECF No. 1-1 at 3). Therefore,
4    according to plaintiff, the deed of trust was presumed satisfied ten years later in November 2021,
5    pursuant to Nevada's ancient lien statute. *See* Nev. Rev. Stat. § 106.240.

6    Plaintiff's argument relies on a tenuous interpretation of Nevada law. It bases its
7    contentions on a "phantom" notice of default that is neither recorded, nor in its possession.
8    "Acceleration is seldom implied, and courts usually require that an acceleration be exercised in a
9    manner so clear and unequivocal that it leaves no doubt as to the lender's intention." *Clayton v.*
10   *Gardner*, 813 P.2d 997, 999 (Nev. 1991). An amorphous allegation buyer somehow defaulted is
11   nowhere near the clarity and certainty the Nevada Supreme Court requires for acceleration.

12   The Ninth Circuit has squarely foreclosed plaintiff's argument. *See Daisy Tr. v. Fed.*
13   *Nat'l Mortg. Ass'n,* No. 21-15595, 2022 WL 874634, at *1-2 (9th Cir. Mar. 24, 2022).
14   "[A]cceleration cannot occur until the conclusion of the 35-day period allotted for the borrower
15   to cure the deficiency—and [] this period does not begin to run until the notice of default has
16   been recorded." *Id* at *2.

17   Here, the first notice of default was recorded in 2009 before being rescinded in 2011. *See*
18   (ECF No. 12 at 3). That rescission unequivocally decelerated any acceleration that occurred in
19   2009, and it reset the statutory 10-year clock under the ancient lien statute. *See SFR Invs. Pool 1,*
20   *LLC v. U.S. Bank N.A.*, 507 P.3d 194, 197–98 (Nev. 2022) (hereinafter *Gotera II*). A second
21   notice of default was not recorded until August 9, 2022. (ECF No. 12-6). Thus, the debt could
22   not have accelerated until September 13, 2022 . *Gotera II*, 507 P.2d at 197–98.

23   This case is essentially identical to what was before the Nevada Supreme Court in *Gotera*
24   *II*. Whether some other unknown and undiscovered letter purported to accelerate the debt means
25   nothing when the rescission clearly decelerated the loan and rendered the ancient lien statute
26   inapplicable. Thus, pursuant to the tremendous weight of precedent from this court and others to
27   have considered the issue, plaintiff's claim as to NRS 106.240 borders on frivolous and does not
28   present even a "fair chance of success on the merits" justifying a lis pendens on this ground. *See*

**James C. Mahan**
**U.S. District Judge**

*Florendo v. Bank of New York Mellon*, No. 2:20-CV-02088-APG-DJA, 2021 WL 3708048 (D. Nev. Aug. 20, 2021), *aff'd sub nom. Florendo v. Bank of New York Mellon as trustee to JP Morgan Chase Bank, NA*, No. 21-16461, 2023 WL 387034 (9th Cir. Jan. 25, 2023).  Likewise, to the extent that plaintiff presents a claim under NRS 205.392 related to defendant's purported false statements as to ownership of the property, that claim would also fail because it is predicated on the assumption that the ancient lien statute extinguished the deed of trust.[3]

Further, plaintiff's show-me-the-note argument claiming that defendant may not foreclose on the property until it proffers the original promissory note has been "resoundingly rejected" by courts in Nevada.  *See Juntilla v. RESI Home Loans IV, LLC,* No. 2:12-cv-00790-MMD-PAL, 2013 WL 1819636, at *1 (D. Nev. Apr. 29, 2013).  "Although possession of the original promissory note is generally required to enforce the note, *see* NRS 104.3301, no such requirement exists to foreclose on a deed of trust. Rather, the authority to foreclose on a deed of trust is established by the deed of trust or an assignment thereof."  *Wilmington Sav. Fund Soc'y FSB as Tr. for Hilldale Tr. v. Deaver*, 486 P.3d 710 (Nev. 2021) (*citing Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012) ("To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing.")); *see also* NRS 107.0805(1)(b) (providing that an entity seeking to foreclose must only attest that it is the holder of the promissory note and "the current beneficiary of record".)

Finally, a claim under NRS 107.200 *et seq* is insufficient to maintain a lis pendens.  The remedy for any violation of this statute is an award of monetary damages—$300 or the actual damages incurred.  Nev. Rev. Stat. § 107.300.  A violation of NRS 107.300 has no bearing on the transfer of real property, thus a claim under that section is precisely the sort of money-judgment-only claim Nevada courts find insufficient to support a lis pendens.  *See Levinson*, 857

---

[3] It is unclear whether plaintiff alleges a claim under NRS 205.392.  Its complaint refers to defendant's "statutory obligations pursuant to NRS 205.395" and requests a declaratory judgment related to defendant's "violation of the applicable provisions of NRS Chapters 107, 106, and/or 205."  (ECF No. 1-1 at 4, 8).  The court need not determine the precise contours of the allegation at this stage because even if the claim is properly alleged, it does not present a fair chance of success on the merits.  The underlying theory regarding the ancient loan theory fails as a matter of law.

James C. Mahan
U.S. District Judge

P.2d at 20*; Leverty & Assocs. Law Chtd. v. Exley*, 830 Fed. Appx. 983, 984 (9th Cir. 2020) ("[A]n action for money only, even if it relates in some way to specific real property, will not support a lis pendens.") (citation omitted)).[4]

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 9) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to expunge lis pendens (ECF No. 12) be, and the same hereby is, GRANTED

IT IS FURTHER ORDERED that plaintiff's motion for attorney fees as to the motion to remand (ECF No. 10) be, and the same hereby is, DENIED.

DATED February 9, 2023.

_____
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff also asserts a wrongful foreclosure claim. (ECF No. 1-1 at 9). Defendant has not foreclosed on the property; thus, this claim is not ripe and will not support a lis pendens alone. *See Collins v. Union Fed. Sav. & Loan Ass'n,* 662 P.2d 610, 623 (Nev. 1983) (holding a wrongful foreclosure claim is ripe only when "the power of sale was exercised" and a "foreclosure occurred.")

**James C. Mahan**
**U.S. District Judge**